IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE D. ROSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 15-87-E |
| | ) |
| CAROLYN W. COLVIN, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 11th day of April, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the decision by the Administrative Law Judge ("ALJ") is erroneous because: (1) Plaintiff reached age 50 while his appeal was pending before the Appeals Council and, based on the findings in ALJ's decision, Plaintiff should have been considered disabled at that time; and (2) the medical records submitted to the Appeals Council, after the ALJ made his decision, show that Plaintiff is disabled. The Court disagrees and finds no merit in Plaintiff's arguments.

First, Plaintiff contends, essentially, that the Appeals Council should have reviewed and modified the ALJ's decision because, although the ALJ decided Plaintiff's claim while he was considered a "younger individual" under the Medical-Vocational Guidelines, Plaintiff turned age 50 while his appeal was pending before the Appeals Council, which placed him in the more restrictive category of "closely approaching advanced age." Plaintiff further asserts that, had his claim been evaluated once he fell within this second category, he would have been declared "disabled."

It should first be noted that the Commissioner of Social Security ("Commissioner") has promulgated the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids"), to assist in determining whether a claimant is disabled. The Grids reflect the analysis of various considerations, including the claimant's physical abilities, age, education, and work experience, and direct a finding of "disabled" or "not disabled" based on the combination of these factors. However, where a claimant has both non-exertional, as well as exertional, limitations, an ALJ cannot rely solely on the Grids to make his or her disability finding. See Sykes v. Apfel, 228 F.3d 259, 266 (3d Cir. 2000).

In this case, the ALJ explained how the Grids are used in the evaluation process, stating that "[i]f the claimant can perform all or substantially all of the exertional demands at a given level of exertion, [the Grids] direct a conclusion of either "disabled" or "not disabled" depending upon the claimant's specific vocational profile." (R. 21 (citing SSR 83-11, 1983 WL 31252)). The ALJ explained that, moreover, "[w]hen the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, [the Grids] are used as a framework for decisionmaking unless there is a rule that directs a conclusion of 'disabled' without considering the additional exertional and/or nonexertional limitations." (R. 21 (citing SSR 83-12, 1983 WL 31253; SSR 83-14, 1983 WL 31254)).

In this regard, although the ALJ found Plaintiff to be a "younger person" pursuant to 20 CFR §§ 404.1563 and 416.963, and though he noted that "[i]f the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of 'not disabled' would be directed by [the Grids]," he also found that Plaintiff's "ability to perform all or substantially

all of the requirements of this level of work has been impeded by additional limitations." (R. 21). Therefore, because the ALJ found that Plaintiff had additional non-exertional limitations, he did not rely solely on the Grids. Instead, the ALJ questioned a vocational expert ("VE") in order to "determine the extent to which these limitations erode the unskilled sedentary occupational base," and he relied upon that testimony in making his ultimate determination. (R. 21-22). Specifically, at the administrative hearing, the ALJ instructed the VE to consider Plaintiff's age, education, work experience and residual functional capacity ("RFC"). The VE testified that, given all of these factors, Plaintiff could perform jobs that exist in significant numbers in the national economy, such as telephone quotation clerk, call out operator, and document preparer. (R. 22, 51). The ALJ consequently found that Plaintiff was not disabled. (R. 22).

Plaintiff claims, however, that because he turned 50 years of age while his appeal was pending before the Appeals Council, the Appeals Council should have reviewed his case and, had it done so, would have ruled differently than the ALJ. In his decision, the ALJ noted that under Rule 201.19 (which applies to "younger individuals" aged 45-49), if Plaintiff had the RFC to perform the full range of sedentary work, a finding of "not disabled" would be directed. (R. 21). By extension, Plaintiff infers that, if his case was evaluated with him as a 50-year-old individual, the ALJ would consider him as falling under Rule 201.10 (which applies to individuals "closely approaching advanced age"), and would necessarily find him to be "disabled" without further need to resort to a determination by a VE. Nevertheless, to be considered under Rule 201.10, the ALJ would have to find that Plaintiff does not have any "transferable" job skills. In his decision, however, the ALJ expressly declined to make that finding, instead noting that, here, "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' *whether or not the claimant has transferable job skills*." (R. 21 (emphasis added)). Therefore, because the ALJ would have to make a finding that Plaintiff has no transferable job skills—which he has not done—it is not clear that, if Plaintiff's case were to be evaluated considering him as a 50-year-old, Plaintiff would necessarily be considered "disabled."

Furthermore, the Court's role at this juncture is to review the decision of the ALJ, not the Appeals Council's denial of Plaintiff's request for review. In fact, a plaintiff "who was unsuccessful in the administrative process may seek judicial review once there is a final decision by the Commissioner of Social Security." Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If, as here, "the Appeals Council denies the request for review, *the ALJ's decision is the Commissioner's final decision.*" Id. (emphasis added). Moreover, it is well established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if it was submitted to the Appeals Council. See id. at 594; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011). Thus, quite simply, the fact that Plaintiff is now 50 years of age was obviously not before the ALJ when he made his decision back in 2013. The Court, therefore,

cannot find that the ALJ's decision is erroneous, based on the record before him at the time, and Plaintiff's argument is therefore without merit.

In a similar vein, Plaintiff's second argument is that the Appeals Council erred in failing to consider additional evidence which Plaintiff forwarded to the Council with his appeal, but which he did not present to the ALJ. Here again, this Court's role is to make a determination as to whether the ALJ's decision is supported by substantial evidence, not whether the Appeals Council erred in denying Plaintiff's request for review. See Matthews v. Apfel, 239 F.3d at 594. In making such determination, the Court cannot rely on additional documentation which was not submitted to the ALJ. The Court does, however, have the authority to remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g), which provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

Although Plaintiff has not specifically asked this Court for a remand based on new evidence, even if he had, the Court would deny the request because Plaintiff has failed to meet his burden to prove that such a remand is warranted. In order to remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that certain criteria have been met. First, the evidence must be "new" and "not merely cumulative of what is already in the record." Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Second, the evidence must be "material," which means that "it must be relevant and probative," and there must be "a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Id. Third, the plaintiff "must demonstrate good cause for not having incorporated the new evidence into the administrative record." Id.

Plaintiff contends generally that the "post-ALJ determination medical records submitted to the Appeals Council as permitted should have been recognized as corroboration of the longitudinal decline in Plaintiff's multiple impairments." (Doc. No. 7, at 7). In his brief, however, Plaintiff cites specifically only to certain additional medical records from Matthew Testrake, D.P.M. (R. 168-81). Because those records are from office visits after the date the ALJ issued his decision, the Court can assume that the evidence is new and not merely cumulative of what is in the record. However, other than notations that Plaintiff's foot pain has been a problem for a "year" or "years" and that the onset has been apparently "gradual," there is no indication that the information in those records relates back to the relevant time period under consideration. On its face, the documentation, which consists of office visit notes, addresses Plaintiff's current status at the time of those appointments. The records are therefore not material, since they do not relate to the relevant time period in this case. If anything, they may

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 6) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 11) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:  Counsel of record

---

possibly indicate a subsequent deterioration of a previously non-disabling condition, since as Plaintiff himself points out, they note his "course progression" as "worsening."  See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012); Harkins v. Astrue, 2011 WL 778403, at *1 n.1 (W.D. Pa. Mar. 1, 2011).   Additionally, the documentation does not even arguably contradict the ALJ's decision, nor would it change the outcome of the ALJ's decision, which already limits Plaintiff to sedentary work.

Moreover, even if the Court were to find the documentation to be material, Plaintiff has made no attempt to show good cause for failing to seek to incorporate this evidence into the administrative record prior to the time the ALJ made his decision.   The only reason why Plaintiff did not submit the documentation to the ALJ appears to be that these records did not exist at the time the ALJ reached his decision.   Nevertheless, at the administrative hearing, the ALJ offered to keep the record open for a period of time so that Plaintiff could submit additional evidence.   (R. 52).   Plaintiff indicated he would need an additional "ten days at most," to which condition the ALJ agreed.   (R. 52).   During that time, Plaintiff submitted additional documentation to the ALJ, but there is no indication that Plaintiff attempted to notify the ALJ of any pending appointments to which these particular records refer, nor is there any indication that Plaintiff asked for more time in which to submit additional evidence.   (R. 12).   Instead, after the ALJ had reached his decision, Plaintiff appears to have simply submitted additional documentation to the Appeals Council.   Therefore, even if the Court were to assume that this documentation is material, because Plaintiff has not shown good cause for failing to incorporate this documentation into the record before the ALJ, a new evidence remand is not warranted.

In sum, under these circumstances, the Court finds that substantial evidence supports the ALJ's determination, based on the evidence before him, that Plaintiff retained the ability to perform work consistent with his RFC finding.   The fact that Plaintiff turned age 50 while his appeal was pending before the Appeals Council does not show that he should have been considered disabled at the time of the ALJ's decision, nor has Plaintiff shown that a new evidence remand is warranted in this case.   Accordingly, the Court affirms.